IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**CARLTON PHAROAH STROTHER,**  **PETITIONER**
**# 19302-045**

**VERSUS**  **CIVIL ACTION NO. 3:16cv463-WHB-JCG**

**WARDEN B.E. BLACKMON**  **RESPONDENT**

### MEMORANDUM OPINION AND ORDER OF DISMISSAL

This case is before the Court *sua sponte*. *Pro se* Petitioner Carlton Pharoah Strother is incarcerated with the Bureau of Prisons ("BOP") at the Federal Correctional Complex in Yazoo City, Mississippi, and he challenges the execution of his sentences for eleven counts of access device fraud. The Court has considered and liberally construed the pleadings. As set forth below, this case is dismissed.

### BACKGROUND

On June 20, 2016, Petitioner filed the instant habeas petition, challenging the BOP's execution of his sentences for access device fraud. In 2007, Strother was convicted in the United States District Court for the Western District of Missouri of two counts of conspiracy to commit aggravated identity theft, thirteen counts of aggravated identity theft, and eleven counts of access device fraud (counts 20-30). *United States v. Strother*, 509 F. App'x 571, 573 (8th Cir. Feb. 27, 2013); *United States v. Jenkins-Watts*, 574 F.3d 950, 958-59 (8th Cir. 2009). On counts 20-30, he was sentenced to 210 months each, which were to be served concurrently to each other. *Strother*, 509 F. App'x at 573. Even though this was the sentence pronounced in open court, the Judgment and Commitment Order stated that the sentences for the access device fraud counts

were 180 months. *Id.* The Eighth Circuit Court of Appeals affirmed. *Jenkins-Watts*, 574 F.3d at 971.

In October of 2010, Strother filed his first motion to vacate pursuant to 28 U.S.C. § 2255. *Strother*, 509 F. App'x at 573-74. Among other things, he argued that the 210 month sentences for the access device fraud exceeded the statutory maximum. *Id.* at 574. The Western District of Missouri agreed, vacated the 210 month sentences, and sentenced Strother to 180 months each, on counts 20-30, again to run concurrently to each other. *Id.* at 574, 576. The Eighth Circuit affirmed the new sentences. *Id.* at 576.

Strother now proceeds in this Court, and seeks a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. He claims that his sentences for counts 20-30 are still 210 months each, and he complains that the Bureau of Prisons is only going to hold him for 180 months on these counts, pursuant to the written Judgment. He thus asserts that the BOP is going to release him sooner than he should be. Strother asks this Court to find that BOP has no authority to release him sooner, and therefore no authority to *hold him at all* on counts 20-30.

## DISCUSSION

A petitioner may attack the manner in which his sentence is being executed in the district court with jurisdiction over his custodian, pursuant to § 2241. *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992). Strother attacks the manner in which the BOP is executing his sentences. He is currently incarcerated within the Southern District of Mississippi. Therefore, the Court has jurisdiction over this habeas action.

Nevertheless, to state a claim for habeas corpus, Petitioner must allege that he is being illegally held. 28 U.S.C. § 2241(c). Indeed, the "essence of habeas corpus is an attack by a

person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "[T]he writ is used to 'inquir[e] into illegal detention.'" *Id.* (quoting *Fay v. Noia*, 372 U.S. 391, 399 n.5 (1963)). The "core of habeas corpus . . . goes directly to the constitutionality of [a prisoner's] physical confinement itself and seeks either immediate release or the shortening of its duration." *Preiser*, 411 U.S. at 487.

Here, Petitioner alleges the opposite. He complains not of his custody, but of his future release. He contends that the BOP will release him too soon on these counts. He therefore fails to state a claim cognizable in habeas.

Additionally, Strother's claim is patently frivolous. His allegation that he is sentenced to 210 months on the access device fraud counts is simply untrue. Over four years ago, he sought and was granted a reduction of these sentences. BOP therefore is correctly executing 180 month sentences pursuant to the current sentencing order.

**IT IS THEREFORE ORDERED AND ADJUDGED** that this case should be, and is hereby, **DISMISSED WITH PREJUDICE**. A separate final judgment shall issue pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 19th day of July, 2016.

s/William H. Barbour, Jr.
UNITED STATES DISTRICT JUDGE